MEYER SHAPIRO, Appellant, v. JOSEPH D. FRANKEL and Another, Copartners Doing Business under the Firm Name and Style of J. D. FRANKEL & Co., and Others, Respondents. (Appeal No. 1.) — Judgment dismissing the complaint on the merits in action to recover the purchase money of certain bonds purchased by the plaintiff through the medium of the defendants, based upon his alleged rescission on the discovery that the defendants had made false and fraudulent representations as to the nature of the bonds in question, and order denying plaintiff's motion for a new trial, reversed on the law and the facts and a new trial granted, costs to abide the event. We are of opinion that, in the interest of justice, the plaintiff should be given an opportunity to present his entire case for determination on the merits. He had not formally rested at the time his complaint was dismissed. We are also of opinion that the criticism of counsel by the learned trial justice in his memorandum that " The contention is palpably an afterthought on the part of a shrewd but not too conscientious attorney," was not justified. The presentation of plaintiff's contention by the lawyer was entirely consistent with innocence of wrongdoing on his part, since it was his duty to present to the court the claims

of his client unless he knew them to be false. The merits, involving the truth or falsity of the claims, will be determined upon a full presentation on a new trial. Hagarty, Carswell and Tompkins, JJ., concur; Lazansky, P. J., concurs and votes for reversal and a new trial on the ground there was a question for the jury as to whether the acceptance of interest after rescission was or was not a waiver of the fraud. Davis, J., dissents and votes to affirm.