JACK KLEIN, Respondent, v. RABHOR CO., INC., Appellant.— Order granting plaintiff's motion to adjudge the defendant in contempt for the failure to produce invoices issued by it during the month of December, 1936, and a certain order book, as directed by the order of May 7, 1937, directing that the answer be struck out, awarding judgment to the plaintiff as upon a default in pleading, and fining the defendant $250 and in addition the sum of $100 as compensation to plaintiff's attorney for his services in the proceeding, reversed on the law and the facts, without costs, and the matter remitted to Special Term for disposition. Appeal from order denying motion for reargument dismissed. The record discloses, and Special Term was satisfied, that the defendant has no order book, and that the records for the months of December, 1936, and January, 1937, were lost, but that the information contained therein is available to plaintiff from the ledger cards. The defendant also says that the plaintiff was the " high " salesman for the years 1935 and 1936 and, therefore, proof as to that issue is not needed. Special Term would have granted proper relief, but was powerless in view of the fact that an appeal from the order of August 27, 1937, was pending. Hagarty, Carswell, Johnston, Adel and Close, JJ., concur.

JOHN LEVER, Respondent, v. GAYER G. DOMINICK, ANDREW V. STOUT, J. AUGUSTUS BARNARD, BERNON S. PRENTICE and F. WILDER BELLAMY, Surviving Copartners Composing the Former Firm of DOMINICK & DOMINICK (as It Existed in 1924), Appellants.— Resettled order granting plaintiff's motion for examination of the defendants before trial and for discovery and production of certain books and papers in an action for money had and received, based on rescission, affirmed, in so far as an appeal is taken, with ten dollars costs and disbursements; the examination and discovery to proceed on five days' notice. No opinion. Carswell, Davis, Johnston, Adel and Close, JJ., concur.

ISAAC LEVY, Appellant, v. CHARLES GOLDMAN, JOSEPH EISNER and JOSEPH I. LUBIN, Respondents.— Action for damages on alleged fraud in relation to stock ownership of a business. Judgment reversed on the law and a new trial granted, with costs to abide the event. The complaint was dismissed before the plaintiff rested. The court's action was premature, and may not be upheld. (Shapiro v. Frankel [Appeal No. 1], 243 App. Div. 618.) Hagarty, Carswell, Johnston, Adel and Close, JJ., concur.