HENRY JORDAN, Appellant, *v.* LESTER LEVY, Individually and Doing Business as TEDDY'S SHANTY, Respondent, et al., Defendant.

First Department, March 6, 1962.

*Thomas J. O'Neill* of counsel (*O'Neill, Higgins & Latto,* attorneys), for appellant.

*Copal Mintz* of counsel (*Garbarini & Kroll,* attorneys), for respondent.

*Per Curiam.* We have an example here of a gross misunderstanding of the summary judgment procedure which has now resulted in a delay of many months in disposing of this litigation on the merits. The action was brought to recover for personal injuries as a result of an assault upon plaintiff by defendant-respondent's employee in respondent's restaurant. The action was brought on for trial in March, 1960, but, thereupon, a mistrial was declared during plaintiff's testimony. Upwards of seven months thereafter, and upon the cause being restored to the Day Calendar for trial, this motion for summary judgment was made by the respondent. Then, pending the motion, the cause was reached for trial, assigned to a Trial Part, and a jury drawn for the second trial. Thereupon, a decision on the motion coming down, the second trial was halted and a mistrial declared. This was in October, 1960, and the action is still undisposed of.

The timing of a summary judgment motion so as to make it returnable on the eve of the trial of an action has a tendency to frustrate rather than to further the primary purpose of the remedy, which is to obviate delay in litigation. When a cause has progressed to the point of imminent trial in the usual course, the disposal of the litigation will not then be accelerated by a motion for summary judgment. The motion then made, rather than a proceeding in the furtherance of administration of justice (see *Curry* v. *Mackenzie,* 239 N. Y. 267, 272), may very well serve the purpose of a weapon to harass and delay an adversary.

In a case where special circumstances make it necessary or proper for a summary judgment motion to be made when a case has reached the Day Calendar for trial, then, of course, the movant, by his papers and on argument or submission, should apprise Special Term of the position of the case on the Day Calendar (which apparently was not done in this case) ; and thereupon Special Term may find it advisable to refer the motion to the trial court. This would be the procedure usually to be followed in order to avoid a duplication in work and to facilitate the administration of justice.

Furthermore, this motion by respondent for summary judgment was fundamentally without merit. In support of his posi-

tion that the assault was a personal act by his employee outside of the scope of employment, he relied principally upon the plaintiff's testimony given on the mistrial. But the mistrial occurred before plaintiff had rested. Thus, by the practice here, the defendant has obtained the equivalent of a directed verdict on the basis of an incomplete plaintiff's case nothwithstanding the well-settled rule of law that a directed verdict, which is so obtained, may not be sustained. (Cf. *Levy* v. *Goldman,* 252 App. Div. 781.)

In any event, under the circumstances, we are bound to view the testimony of the plaintiff in its most favorable light from his standpoint and to give him the benefit of all reasonable inferences therefrom. From his testimony, it is inferable that the respondent's employee was in charge of the premises; and, further, it is a reasonable inference therefrom that it was the employee's duty to maintain peace and order in the premises and to protect respondent's property from damage. The respondent may be held responsible for acts of his employee in furtherance of such duty, including for an act of the employee which " ' through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority ' " (*De Wald* v. *Seidenberg,* 297 N. Y. 335, 338; *Sims* v. *Bergamo,* 3 N Y 2d 531). So, upon the record here, it is clear that there are triable issues as to whether or not the assault was in the performance of duties enjoined upon the employee by his employment and in the furtherance of his employer's interests. (See *Sims* v. *Bergamo, supra,* p. 535.)

Finally, it is clear that the allegations of plaintiff's pleadings do not preclude a recovery against the respondent. The plaintiff expressly alleges in his complaint that the assault by respondent's employee was in the course of his employment and in furtherance of the respondent's business. The specific allegation that the assault was " without any just cause or provocation ", that is, without such cause or provocation on plaintiff's part, is entirely consistent with his allegation of responsibility on the part of respondent. In any event, this motion for summary judgment was to be determined upon the facts appearing in the record without regard to technical defects or deficiencies in pleading. (See *Curry* v. *Mackenzie, supra,* p. 272.)

The order, entered November 29, 1960, granting defendant-respondent's motion for summary judgment, and judgment entered thereon on January 16, 1961, dismissing the complaint herein as against said defendant-respondent, should be reversed

on the law, with $20 costs and disbursements, and the motion for summary judgment should be denied, with $10 costs.

BOTEIN, P. J., RABIN, VALENTE, EAGER and BERGAN, JJ., concur.

Order entered on November 29, 1960, granting defendant-respondent's motion for summary judgment, and judgment entered thereon on January 16, 1961, dismissing the complaint herein as against defendant-respondent, unanimously reversed on the law, with costs to the appellant, and the motion for summary judgment denied, with $10 costs.