■ KULE RESOURCES, LTD., Respondent, v RELIANCE GROUP, INCORPORATED, Appellant.—Order of the Supreme Court, New York County, entered October 20, 1978, denying defendant's motion for summary judgment reversed, on the law, and the motion for summary judgment granted, without costs or disbursements. Plaintiff (Resources) sues to recover a finder's fee. It alleges that on or about September 14, 1976, it was retained by defendant (Reliance) to find a purchaser for Disclosure Incorporated (Disclosure) a subsidiary of defendant; that it procured Snyder, Hixon & Associates (Snyder, Hixon) as purchaser and that by reason thereof it became entitled to the fee fixed in the agreement between the parties. By letter agreement dated September 14, 1976, Reliance retained Resources to effect the sale of all of the stock of Disclosure, or the sale of substantially all of its assets, to a third party or parties. In return therefor, Reliance agreed to make certain payments to Resources. Among other provisions, the agreement contained a stipulation that "Resources agrees to obtain the prior written consent of Reliance before approaching third parties with respect to a proposed Disclosure sale. Reliance may withhold its consent in its sole discretion." It is undisputed that Resources was aware of Reliance's desire to divest itself of Disclosure prior to the entry into the agreement of September 14, 1976. Indeed, it is conceded that Resources suggested two potential purchasers of Disclosure prior to that date, one of which was Butler Publishing Company (Butler). Resources contends that the other prospective purchaser named by it was Snyder, Hixon. Reliance does not dispute that a second potential purchaser was mentioned to it. However, it contends that it has no recollection of the name. Reliance indicated its willingness to pursue the proposed sale to Butler. Indeed, on September 16, 1976, it sent a letter to Resources authorizing it to go forward with the Butler discussions and requiring, as a condition thereto, a letter from Smith, Barney & Co., Inc., (which apparently was working together with Resources on the Butler deal). No such letter was ever sent. Insofar as Snyder, Hixon was concerned, Reliance directed that it be placed "on the back burner". While the proposed acquisition by Butler was pursued vigorously, it never matured. In June, 1977 Reliance was approached by representatives of Snyder, Hixon regarding the purchase of Disclosure. Seemingly, Snyder, Hixon had ascertained at a trade show that Disclosure was for sale and decided to enter the bidding for its purchase. On July 29, 1977 the sale of Disclosure by Reliance to Snyder, Hixon was consummated. Special Term, citing *Jordan v Levy* (16 AD2d 64) held that the timing of the motion so as to make it returnable "on the eve of trial" frustrated the purpose of summary judgment and denied the motion. We think that *Jordan* is here inapplicable. The depositions were not completed until July 14, 1978. As soon as the transcripts were available, this motion was made. Inasmuch as the motion depends largely on evidence adduced at the depositions it could not have been made sooner. Accordingly, timeliness should not have been made the basis for denial. There is here no issue to be determined by the trier of the fact. Concededly, Reliance never gave Resources its prior written consent to deal with Snyder, Hixon, a condition to which both parties, by their agreement, assented. Nor is there any claim that Reliance wrongfully used the disclosure of the name of

Snyder, Hixon by Resources. In short, there is no more than the not unusual coincidence in cases such as this that Resources mentioned the name of a party which might be interested in the acquisition of Disclosure and that the party mentioned, through sources having absolutely no relationship to Resources, ultimately became the purchaser. This is scarcely enough to require a trial. Concur—Sullivan, Silverman and Bloom, JJ.

Lane and Markewich, JJ., dissent in a memorandum by Lane, J. as follows: Kule Resources, Ltd. (Kule), brought this suit to recover a commission in connection with the sale by Reliance Group, Incorporated (Reliance), of its subsidiary, Disclosure Incorporated (Disclosure). Disclosure was sold to Snyder, Hixon & Associates. In 1976, a vice-president of Reliance contacted Kule to arrange for the sale of Discovery. Shortly thereafter, a principal of Kule contacted an employee of Smith, Barney & Co., Inc. (Smith Barney), for the names of companies interested in acquiring Disclosure. Two names were elicited: Butler Publishing Co., and Snyder, Hixon. Kule allegedly revealed these names to Reliance and was directed to develop Butler and not Snyder, Hixon. The Butler transaction did not come to fruition and Discovery was sold to Snyder, Hixon. When Kule was denied its commission, it brought this lawsuit. Reliance moved for summary judgment in its favor, which was denied by Special Term. I would affirm the determination of Special Term because there are material and triable issues of fact which preclude summary disposition of this case. Reliance claims that it is entitled to summary judgment in its favor because Kule failed to comply with the letter agreement requiring that Kule obtain prior written consent from Reliance before approaching a prospective purchaser, and further failed to obtain a waiver-of-commissions form from Smith, Barney. Both these alleged prerequisites were concededly not performed by Kule. Nonetheless, this failure does not automatically warrant the granting of summary judgment to Reliance. The operative letter agreement upon which Kule bases its claim for commissions provided that Kule could possibly provide services to Reliance as "finder, broker, originator, consultant or otherwise," and be in each event entitled to remuneration. The letter did not specify that it related to any particular prospective purchaser, but did contain an additional caveat that prior written consent of Reliance must be obtained before third parties were approached with respect to sale of Disclosure. The letter also provided that Reliance could withhold consent in its sole discretion. These provisions in the letter agreement create an issue of fact as to whether the parties intended that Kule obtain prior written consent when it acted as a finder, or only when it acted as a broker or negotiator. Clearly, if prior written consent could be denied at the sole discretion of Reliance, then Kule's function as a finder would be an impossible one. As a finder, it would merely present a name to Reliance. Reliance could fail to give prior written consent and then follow up on that same name itself, leaving Kule without recourse. The intent of the parties in this regard is a question of fact requiring a full hearing.* The waiver of commissions by Smith, Barney alleged to be a prerequisite to Kule's right to compensation was described in

---

* Normally, ambiguities in the text of an agreement may be resolved by the court on a motion for summary judgment. However, in this case, the ambiguity of the clauses permeates the basic aspects of the agreement, and the intent of the parties cannot be gleaned from the instrument itself. This presents a question of fact which must be determined dehors the words of the instrument (*Musman v Modern Deb*, 56 AD2d 752, 753).

a separate cover letter. That cover letter related only to the obtaining of Butler Publishing Co. as a prospective purchaser. It could not therefore operate as a bar to Kule's compensation for obtaining a prospective purchaser. If the parties intended the waiver letter to be presented in all transactions, that, too, raises an issue of fact to be explored. Lastly, there is a dispute among the parties whether Snyder, Hixon was offered as a prospective purchaser through Kule or through some other source. All of these issues of fact require a full hearing, since a motion for summary judgment is the vehicle for issue finding and not for issue determination (*Esteve v Abad*, 271 App Div 725, 727; *Sillman v Twentieth Century-Fox*, 3 NY2d 395, 404). Accordingly, the order of the Supreme Court, New York County, entered October 20, 1978, denying summary judgment to the defendant, should be affirmed.