■ **676 R.S.D. INC.**, Doing Business as POCKETS, Appellant, v SCANDIA REALTY et al., Respondents. (And a Landlord and Tenant Action.) [600 NYS2d 678] —Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about October 18, 1991, which granted the motion of defendant Scandia Realty to dismiss plaintiff's second cause of action for lost profits, unanimously affirmed, without costs.

Plaintiff failed to show that it can establish, with any reasonable certainty, lost profits *(Kenford Co. v County of Erie,* 67 NY2d 257). While plaintiff's accountant and treasurer asserted that the business earned $15,000 in revenue per month during its first three months of operation, plaintiff was unable to produce any records in support of the claim, as they were purportedly destroyed by the flood. In any event, since plaintiff was only in business for three months, there is no basis upon which to estimate the amount of lost profits *(supra).*

As to plaintiff's claim that the IAS Court erred in entertaining Scandia's summary judgment motion in the midst of trial, such claim is raised for the first time on appeal and is thus not preserved for review. Moreover, although the making of a summary judgment motion on the eve of or during trial has a tendency to frustrate the primary purpose of such remedy *(see, Jordan v Levy,* 16 AD2d 64, 65), it is not precluded in an appropriate case by CPLR 3212 (a), which merely requires that such motion be made after issue has been joined. Moreover, CPLR 4401 permits any party to move for judgment as a matter of law during trial either after the opposing party rests its case or at any time on the basis of admissions.

Here, on the day the parties appeared for trial without a jury, Scandia requested summary judgment dismissing plaintiff's claim for lost business profits based upon the deposition testimony of plaintiff's treasurer. It is unclear whether trial had already begun when the court signed Scandia's order to show cause; however, even though trial commenced that day, plaintiff opposed the motion on its merits. "That a motion for summary judgment is made on the eve of trial is not of itself a sufficient reason for denying the motion." *(Kule Resources v Reliance Group,* 49 NY2d 587, 591.) Moreover, the parties can be said to have charted their own procedural course.

We have considered plaintiff's other claims and find them to be without merit. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Ross, JJ.