■ BRIAN ZULLI, Plaintiff, v JOSEPH R. HALLERAN et al., Respondents, and ANTHONY M. PISCOPO et al., Appellants. [603 NYS2d 878] —In an action to recover damages for personal injuries, the defendants Anthony M. Piscopo and Morris A. Piscopo appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated June 5, 1991, as denied their cross motion for summary judgment dismissing the cross claims of Joseph R. Halleran and the County of Nassau against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the cross claims of Joseph R. Halleran and the County of Nassau against the appellants are dismissed.

The plaintiff in this case, a tow truck operator, was injured when he was struck by a car being driven by the defendant Joseph R. Halleran. The plaintiff had responded to the scene of an accident which had occurred approximately 45 minutes earlier in which two cars being driven, respectively, by the defendants Josephine Tassinari and Anthony M. Piscopo and

owned, respectively, by the defendants Charles Tassinari and Morris A. Piscopo collided. At the time that the plaintiff was injured, he was removing debris from the scene of that accident and the defendants Josephine Tassinari and Anthony Piscopo were no longer at the scene. Thereafter, the plaintiff discontinued his negligence causes of action against the drivers and owners of the Tassinari and Piscopo cars. Nevertheless, despite this discontinuance, the defendants Halleran and the County of Nassau, who had also been sued by the plaintiff on the theory that the Nassau County Police Department had not properly secured the scene of the first accident, refused to discontinue their cross claims against the Tassinari and Piscopo defendants. Accordingly, the appellants moved for summary judgment dismissing those cross claims insofar as asserted against them. The trial court denied their motion, and this appeal ensued. We reverse.

The court erred by failing to dismiss all cross claims asserted against the Piscopos. The first accident in which they were involved had occurred approximately 45 minutes earlier, and was not a proximate or legal cause of the plaintiff's injuries, but merely furnished the condition for the event's occurrence (see, Moss v New York Tel. Co., 196 AD2d 492; Hallet v Akintola, 178 AD2d 744; Southwell v Riverdale Tr. Corp., 149 AD2d 385). Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.