160 F.3d 146
 37 UCC Rep.Serv.2d 123
 FUNDACION MUSEO DE ARTE CONTEMPORANEO DE CARACAS--SOFIA
IMBER, Plaintiff-Counter-Defendant-Appellant,
v.
CBI-TDB UNION BANCAIRE PRIVEE,
Defendant-Cross-Defendant-Cross-Claimant-Appellee,
Republic National Bank of New York,
Defendant-Counter-Claimant-Cross-Claimant-Cross-Defendant.
 No. 729, Docket 98-7516.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 19, 1998.
Decided Nov. 18, 1998.
 
 Michael S. Vogel, New York City (Allegaert Berger & Vogel LLP; Michael Straus, Bainbridge & Straus, LLP, Birmingham, AL; Janine M. Gargiulo, Arent Fox Kintner Plotkin & Kahn, New York City, on the brief), for Plaintiff-Counter-Defendant-Appellant.
 John S. Kinzey, New York City (James E. Schwartz, LeBoeuf, Lamb, Greene & MacRae, L.L.P., on the brief) for Defendant-Cross-Defendant-Cross-Claimant-Appellee.
 Before: NEWMAN and JACOBS, Circuit Judges, and TSOUCALAS, Judge.*
 PER CURIAM:
 
 
 1
 In May of 1993, an account holder at Defendant CBI-TDB Union Bancaire Privee ("UBP") deposited into his UBP account a check which was drawn on the account of Fundacion Museo de Arte Contemporaneo de Caracas ("the Museum") and which bore the forged signature of the Museum's director. Alleging causes of action sounding in conversion and in money had and received, the Museum now seeks to recover the amount of the forged check from UBP.
 
 
 2
 After a bench trial in the United States District Court for the Southern District of New York (Leisure, J.), the district court ruled in favor of UBP on the ground that UBP is a holder in due course.[1] With respect to the Museum's money-had-and-received claim, the district court reached an alternative holding based on equity. The Museum appeals.
 
 
 3
 We conclude that, in reaching its holding that UBP is a holder in due course, the district court applied a standard that was excessively favorable to UBP. Nevertheless, we affirm the entry of judgment in UBP's favor (i) on the basis of the district court's alternative holding with respect to the money-had-and-received claim, and (ii) on the ground that, as a matter of law, the Museum cannot prevail on its conversion claim.BACKGROUND
 
 
 4
 On May 10, 1993, Gustavo de los Reyes sent a check--preprinted with the number 177 ("Check 177")--to UBP. Check 177, in the amount of $825,000, was payable to UBP, was drawn on the account of Fundacion Museo de Arte Contemporaneo de Caracas ("the Museum") at Republic National Bank of New York ("Republic"), and bore the apparent signature of Sofa Imber, the Museum's director. In a fax also sent on May 10, 1993, Reyes asked UBP to deposit Check 177 into Reyes's account at UBP and to transfer the bulk of the proceeds to two accounts at different banks.
 
 
 5
 After receiving the check, UBP collected the $825,000 from Republic and disbursed the funds in compliance with Reyes's directions. Later, the parties discovered that Imber's signature had been forged, and the Museum sued UBP and Republic. With respect to UBP, the Museum pleaded two claims under New York law: (i) conversion; and (ii) money had and received.
 
 DISCUSSION
 
 6
 Under New York law, a party is entitled to holder-in-due-course status if it takes an instrument for value, in good faith, and "without notice that it is overdue or has been dishonored or of any defense against it or claim to it on the part of any person." N.Y. U.C.C. § 3-302(1). The district court concluded that UBP took Check 177 in good faith because UBP "did not have actual knowledge that Check 177 was a forgery." Fundacion Museo de Arte Contemporaneo de Caracas--Sofia Imber v. CBI-TDB Union Bancaire Privee, 996 F.Supp. 277, 292 (S.D.N.Y.1998). The Museum argues, and we agree, that the standard adopted by the district court is excessively favorable to UBP.
 
 
 7
 Holder-in-due-course status depends on whether " 'the purchaser [had] knowledge of the claim or defense or knowledge of such facts that his action in taking the instrument amounts to bad faith.' " See Chemical Bank of Rochester v. Haskell, 51 N.Y.2d 85, 92, 432 N.Y.S.2d 478, 481, 411 N.E.2d 1339 (1980) (quoting N.Y. U.C.C. § 3-304(7)) (emphasis removed). The resolution of that question in this case is not obvious, and is of commercial significance. One option is to certify the question to the New York Court of Appeals. However, that would be inappropriate if an alternative ground of decision is available. See N.Y. Comp.Codes R. & Regs. tit. 22, § 500.17(a). It is therefore significant that, with respect to the Museum's money-had-and-received claim, the district court supported its judgment on the alternative ground that, "based on the totality of the circumstances in the instant case, the Museum's negligence would preclude its recovery from UBP for money had and received." Fundacion, 996 F.Supp. at 293.
 
 
 8
 In articulating its alternative holding, the district court stated that, even if UBP were not found to be a holder in due course, it "would not be liable for money had and received because it could not be against good conscience to allow a holder in due course, as opposed to a party whose negligence substantially contributed to the forgery, to keep the disputed money." Id. According to the Museum, this language demonstrates that the alternative holding also rests upon the determination that UBP is a holder in due course. We disagree. In our view, it is clear that the district court's alternative holding rests not upon its legal conclusion that UBP is a holder in due course, but rather upon the constituent facts supporting that conclusion.
 
 
 9
 With respect to the money-had-and-received claim, we affirm the district court on the basis of its alternative holding. As to the conversion claim, we conclude that the Museum's claim fails, as a matter of law, because "funds deposited in a bank account are not sufficiently specific and identifiable, in relation to the bank's other funds, to support a claim for conversion against the bank." See Chemical Bank v. Ettinger, 196 A.D.2d 711, 602 N.Y.S.2d 332, 336 (1st Dep't 1993). In the absence of any finding to the contrary, we presume that Reyes's account at UBP was a general account. See Peoples Westchester Savings Bank v. FDIC, 961 F.2d 327, 330 (2d Cir.1992).CONCLUSION
 
 
 10
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Nicholas Tsoucalas, of the United States Court of International Trade, sitting by designation
 
 
 [1]
 The Museum also asserted a claim against defendant Republic National Bank of New York, and lost after trial. The Museum does not appeal that ruling