■ CARMINE RESTAURANT, INC., Appellant, v CITIBANK, N.A., et al., Respondents. (And a Third-Party Action.) [752 NYS2d 49] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered March 1, 2002, which, to the extent appealed from, in this action to recover proceeds from forged checks cashed without authorization by plaintiff's employee, upon the prior grant of defendant Citibank's motion pursuant to CPLR 4401, dismissed the action as against it, unanimously affirmed, with costs.

The admissions of plaintiff's principal during direct examination, that plaintiff's blank checks were kept in an unlocked cabinet in a heavily trafficked area and that the key to the principal's mail cabinet, which contained unopened mail, was openly and plainly available to all employees, demonstrated negligence by plaintiff in safeguarding, maintaining and controlling its blank checks that substantially contributed to the making of the unauthorized checks. In light of plaintiff's admissions and defendant Citibank's offer of proof that the testimony of plaintiff's remaining witness would not be relevant to the claims against it in its capacity as the drawee bank, the grant of Citibank's motion pursuant to CPLR 4401 for judgment during trial was proper (*see* UCC 3-406; *Fundacion Museo de Arte Contemporaneo de Caracas-Sofia Imber v CBI-TDB Union Bancaire Privee*, 996 F Supp 277, 290, *affd* 160 F3d 146). There was no need for the trial court to reserve decision until the conclusion of the case (*see 676 R.S.D. v Scandia Realty*, 195 AD2d 387). Concur—Williams, P.J., Andrias, Buckley, Lerner and Gonzalez, JJ.