OPINION OF THE COURT
Gary F. Knobel, J.
The motion by defendant Village Auto Body Works Inc. (Village) in action No. 1 for an order granting it summary judgment and dismissing plaintiff Donald Rozz’s property damage claim, and the motion by defendants Erika and Arnoldo Garcia in action No. 2 for an order granting summary judgment in their favor and dismissing Donald Rozz’s property damage claim against them, are consolidated for disposition and granted for the reasons set forth below.
Plaintiff Donald Rozz, the owner of a 2003 Nissan vehicle, seeks to recover in these small claims actions monetary compensation for the damage sustained by his vehicle on October 24, 2009, at approximately 4:15 a.m., when his son, who was operating the vehicle northbound on the Seaford-Oyster Bay Expressway, lost control of the automobile and struck a concrete divider wall. Plaintiffs son avers that he swerved his vehicle to avoid hitting a license plate in the middle of the highway; he contends that he “collected the license plate . . . , *852 pulled [plaintiff’s vehicle] over to the side of the highway, inspected the damage [and] arranged for a tow truck to remove [the vehicle].” The police were not called to the scene. Plaintiffs son further contends that he went to the Department of Motor Vehicles to ascertain which vehicle the license plate belonged to, and was allegedly informed that not only did the license plate belong to defendant Arnoldo Garcia’s vehicle, but that the Garcia vehicle was in an accident on the southbound side of the Seaford-Oyster Bay Expressway six days earlier on October 18, 2009. The court notes that neither the plaintiff nor his son has produced a photograph of the license plate of the Garcia vehicle.
Plaintiff, perhaps with the advice of his son, thereafter filed two separate small claims actions against allegedly joint tortfeasors with the hope of recovering from each one five thousand dollars. In action No. 1 (SC 3307/09) against defendant Village, the plaintiff contends that the defendant towing company is liable to plaintiff for not having removed vehicle wreckage from the southbound roadway of the Seaford-Oyster Bay Expressway following defendant Erika Garcia’s collision with a road divider October 18, 2009, six days before the collision by plaintiffs vehicle with the northbound roadway divider on the samé highway. In action No. 2 (SC 3371/09) against the Garcia defendants, plaintiff Rozz seeks damages based upon a common-law theory of negligence (that defendant Erika Garcia was negligent in the operation of her vehicle), and the doctrine of res ipsa loquitur. Plaintiffs main argument is that the towing company and the Garcia defendants all had a duty pursuant to Vehicle and Traffic Law § 1219 (c) to clear debris from the roadway of the Seaford-Oyster Bay Expressway following the one-car Garcia collision with the southbound divider on October 18, 2009.
Vehicle and Traffic Law § 1219 (c) states that “[a]ny person removing a wrecked or damaged vehicle from a highway shall remove any glass or other injurious substance dropped upon the highway from such vehicle.”
There is no reported case involving Vehicle and Traffic Law § 1219 (c) and the purported negligence of a tow truck operator or the driver of a motor vehicle.
On the scheduled date for the trial of these actions, the defendants orally moved to dismiss the actions based upon the Appellate Division, Second Department, case of Zulli v Halleran (198 AD2d 347 [1993]). In Zulli, plaintiff tow truck operator was injured when he was struck by a vehicle while removing debris from the scene of an accident which occurred 45 minutes *853 earlier. The Appellate Division held, in dismissing cross claims against a driver and owner involved in the original accident, that “[t]he first accident . . . had occurred approximately 45 minutes earlier, and was not a proximate cause or legal cause of the plaintiff [tow truck operator’s] injuries, but merely furnished the condition for the event’s occurrence” (Zulli v Halleran, 198 AD2d 347, 348 [1993]).
In view of the holding in Zulli, which appeared dispositive, and the rare allegation of a violation of Vehicle and Traffic Law § 1219 (c), this court, cognizant that motions in small claims actions should be discouraged, decided to give the plaintiff an opportunity to formally rebut the possible dismissal of the actions as a matter of law.
The court also consolidated both actions for a joint trial. The plaintiffs son, who earlier asked the court if he could represent his father and be his advocate at trial, was given permission to argue or comment on the defendants’ oral applications to dismiss. He strenuously objected to the court directing and scheduling, on the eve of trial, the summary judgment motions.
The plaintiffs objection was, and is, overruled as a motion for summary judgment should not be denied merely because it is made on the eve of trial, particularly when it is meritorious (676 R.S.D. v Scandia Realty, 195 AD2d 387 [1993]). Moreover, the motions for summary judgment are timely (see CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648 [2004]; Arbay v Sunoco Inc., 24 Misc 3d 1243[A], 2009 NY Slip Op 51865[U] [Nassau Dist Ct 2009]).
To grant summary judgment, “the proponent. . . must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). “[0]ne opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim” (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
In the motions at bar the defendants argue that the elements (duty, negligence and legal causation) underlying plaintiffs theory of negligence are insufficient to justify a trial and that the claims must be dismissed as a matter of law.
Turning first to the motion by the Garcia defendants, the court finds that these defendants have made a prima facie show *854 ing that they did not owe a duty to the plaintiff, and that there was no statutory duty imposing a standard of care on them for the protection of the plaintiff.
“A finding of negligence may be based only upon the breach of a duty. If, in connection with the acts complained of, the defendant owes no duty to the plaintiff, the action must fail. Although juries determine whether and to what extent a particular duty was breached, it is for the courts first to determine whether any duty exists. In so doing, courts identify what people may reasonably expect of one another. In assessing the scope and consequences of civil responsibility, they define the boundaries of ‘duty’ to comport with what is socially, culturally and economically acceptable (see, Pulka v Edelman, 40 NY2d 781, 785-786; Tobin v Grossman, 24 NY2d 609, 619)” (Darby v Compagnie Natl. Air France, 96 NY2d 343, 347 [2001]).
Duty simply “tells us whether the risk to which one person exposes another is within the protection of the law” (Sewar v Gagliardi Bros. Serv., 51 NY2d 752, 758 [1980, Fuchsberg, J., concurring]). If this court were to impose a duty upon a motorist to clean accident debris from a highway it would, at the very least, create a dangerous and unreasonable risk of harm. Furthermore, no subdivision of Vehicle and Traffic Law § 1219 applies to defendant operator Erika Garcia since she did not throw or drop injurious material on the highway, nor did she remove a wrecked or damaged vehicle from the highway. The plaintiff failed to establish in opposition to defendant Garcias’ motion that the Garcia defendants owed a duty to him and in the absence of any such duty, there is no liability (Pulka v Edelman, supra, citing Palsgraf v Long Is. R.R. Co., 248 NY 339 [1928]).
As to defendant Village, it also made a prima facie showing of entitlement to judgment in its favor as a matter of law in that it was not negligent and the plaintiffs claim must be dismissed. The affidavit of defendant Village’s tow truck operator establishes that the Garcia accident scene was controlled by a governmental authority, that he was directed by the police to tow the Garcia vehicle and that there was no visible debris on the roadway. The burden therefore then shifted to the plaintiff to present competent evidence raising a triable issue as to defendant Village’s negligence. However, the plaintiff failed to meet his burden of raising a material, triable issue of fact. The *855 mere happening of an accident is insufficient to establish negligence (see Martin v Herzog, 228 NY 164, 170 [1920]). Although ordinarily the question of whether a statutory standard of care has been violated is an issue for the trier of fact to decide, the factual sequence of events here — two one-car collisions which occurred six days apart and on opposite sides of a highway — are too remote in time and space for there to be any finding of causality on the part of the defendant tow truck company for the damage to plaintiffs vehicle (see Mikelinich v Giovannetti, 239 AD2d 471, 472 [1997]; Zulli v Halleran, 198 AD2d 347, 348 [1993]).
Accordingly, the motions by defendant Village and the Garcia defendants for an order granting summary judgment dismissing the plaintiffs claims in action No. 1 and action No. 2 are granted.