■ R.A. CONTRACTING Co., Appellant, v JP MORGAN CHASE BANK, N.A., Respondent. [970 NYS2d 707]—

In an action to recover damages for the payment of forged checks, the plaintiff appeals from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated December 16, 2011, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and

the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff had a business checking account with the defendant bank. The plaintiff commenced the instant action against the defendant to recover monies drawn from the plaintiff's checking account which the defendant paid out on four allegedly forged checks. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint.

"A bank is strictly liable to its customer when it pays a check on a forged signature" (*Robinson Motor Xpress, Inc. v HSBC Bank, USA*, 37 AD3d 117, 119 [2006]; *see Monreal v Fleet Bank*, 95 NY2d 204, 207 [2000]; *Clemente Bros. Contr. Corp. v Hafner-Milazzo*, 100 AD3d 677, 678 [2012]). However, the bank avoids such liability if it demonstrates that the customer's negligence substantially contributed to the forgery and that the bank acted in good faith and in accordance with reasonable commercial standards (*see* UCC 3-406; *Carmine Rest. v Citibank*, 300 AD2d 149 [2002]; *Kersner v First Fed. Sav. & Loan Assn. of Rochester*, 264 AD2d 711, 714 [1999]).

Here, in moving for summary judgment, the defendant did not establish, prima facie, that it acted in a commercially reasonable manner, as it did not submit evidence of the procedures that it used to detect forged signatures (*see* UCC 3-406; *Mouradian v Astoria Fed. Sav. & Loan*, 91 NY2d 124, 131 [1997]; *Royal Ins. Co. of Am. v Citibank*, 306 AD2d 158, 159 [2003]). Since the defendant failed to meet its prima facie burden, we need not consider the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been denied. Eng, P.J., Rivera, Hall and Lott, JJ., concur.

Motion by the appellant, on an appeal from an order of the Supreme Court, Queens County, dated December 16, 2011, inter alia, for leave to enlarge the record on appeal to include a certain deposition transcript and to file the transcript under seal. By decision and order on motion of this Court dated December 7, 2012, that branch of the motion which is for leave to enlarge the record was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof, and the appellant was directed to file the subject deposition transcript with the Clerk of this Court, under seal.

Upon the papers filed in support of the motion, the papers

filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the branch of the motion which is for leave to enlarge the record is granted, and the subject deposition transcript is to remain under seal. Eng, P.J., Rivera, Hall and Lott, JJ., concur.