■ David Scott, Appellant, v John Mead et al., Respondents.—Kane, J. Appeal from an order and judgment of the Supreme Court (Bryant, J.), entered August 29, 1986 in Cortland County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff was a passenger in a pickup truck operated by defendant John Mead (hereinafter defendant) when, due to excessive speed, defendant failed to negotiate a sharp turn on Bear Swamp Road in Cayuga County, slid off the road and came to rest upright in a snow-filled ditch. The occupants of the truck, plaintiff, defendant and another passenger, devoted several minutes attempting to gain traction on the rear wheels and free the vehicle from the ditch by jumping on the back of the truck. Failing in this effort, plaintiff returned to the driver's side of the truck to obtain a machete, or corn knife, to aid in extricating the vehicle and, as he exited the vehicle, he slipped and fell backwards, impaling his rectum on a stick or sapling protruding from the ground. Plaintiff's complaint, alleging the negligence of defendant as the proximate cause of his injuries, was dismissed upon defendants' motion for summary judgment, and this appeal ensued.

Where, as here, the essential facts are generally undisputed, the threshold question of proximate cause may properly be resolved by the court *(see, Colban v Petterson Lighterage & Towing Corp.,* 19 NY2d 794, 796; *Rivera v City of New York,* 11 NY2d 856, 857). Since the initial negligence of defendant is established, the question of defendant's responsibility for plaintiff's injuries turns upon whether the circumstances of his injuries were a foreseeable consequence of defendant's negligence.

In our view, the injuries sustained by plaintiff arose from a new and independent cause, an unforeseeable consequence of defendant's initial negligent act. Accordingly, defendants cannot be held liable *(see, Ventricelli v Kinney Sys. Rent A Car,*

45 NY2d 950, *mod* 46 NY2d 770; *Gralton v Oliver,* 277 App Div 449, *affd* 302 NY 864) and summary judgment in favor of defendants was properly granted.

Order and judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.