■ RUDOLPH SOUTHWELL, Appellant, v RIVERDALE TRANSIT CORP. et al., Respondents, et al., Defendants. RUDOLPH SOUTHWELL, Appellant, v CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, Bronx County (Alan J. Saks, J.), entered August 27, 1987, which dismissed the complaint and cross claim against defendant-respondent the City of New York and which, following a jury trial on the issue of liability, adjudged plaintiff-appellant 75% responsible for the negligence that caused his injuries, unanimously modified, on the law, to the extent of vacating so much of said judgment as adjudged plaintiff-appellant 75% responsible and defendants-respondents Riverdale Transit Corp. and Clesont Mitchell 25% liable, and substituting therefor the finding that said defendants-respondents are 100% liable, and otherwise affirmed, without costs.

Plaintiff-appellant's personal injury action arises out of a collision which occurred on the evening of October 25, 1982. Appellant was driving southbound on the elevated portion of the Bruckner Expressway in The Bronx when he came to a stop about one car length behind a car owned and operated by Louis Kelly. A third car, driven by Irene Ropiak, struck appellant's car from behind, propelling it into Kelly's vehicle. No one was hurt in this collision. As there was no shoulder to the expressway, the three drivers waited near the center divider for the police who arrived on the scene about 45 minutes later.

The officers parked their patrol car, its turret lights flashing, behind the Ropiak car. One of the officers set out flares on

the roadway. At the suggestion of the other officer, the three drivers got into the patrol car. They had just begun exchanging licenses when a bus, owned by defendant-respondent Riverdale Transit Corp. and driven by defendant-respondent, Clesont Mitchell, careened into the patrol car after colliding with another car. Appellant was thrown against the front seat of the patrol car and sustained injuries.

Supreme Court granted the city's motion to dismiss the action as against it, finding that the evidence was "indisputably clear that the proximate cause of the accident" was not the setting of the flares. The court also found that it was reasonable, under the circumstances, for the police officers to have directed appellant and the other drivers to sit in the patrol car. However, over counsel's objection, the court charged the jury that they were to consider the evidence of appellant's alleged negligence and whether it was a substantial factor in causing the accident between the bus and the patrol car. The jurors found no negligence on the part of the driver whose car had collided with the bus, but they deemed the bus driver's negligence a substantial factor in causing the collision with the patrol car. In answer to the interrogatory on appellant's comparative negligence, the jurors found that 75% of the responsibility for the accident was due to appellant's own negligence.

The only evidence of appellant's negligence pertained to the first collision with the Ropiak vehicle. That accident, in which appellant sustained no injuries, had become a completed occurrence at least 45 minutes before the second accident. Consequently, it was not the proximate or legal cause of the second accident in which appellant was injured (Ventricelli v Kinney Sys. Rent A Car, 45 NY2d 950 [1978]; Scott v Mead, 132 AD2d 755 [3d Dept 1987]; Stanton v Clegg, 278 App Div 486 [3d Dept 1951]; Gralton v Oliver, 277 App Div 449 [3d Dept 1950], affd 302 NY 864 [1951]). The court erred, as a matter of law, in instructing the jury that it could consider the first accident and appellant's alleged negligence therefor as a proximate cause of the second accident. Given the evidence herein, the question as to whether any act or omission of the drivers involved in the first accident was a proximate cause of the second accident was one for the court not the jury (Gralton v Oliver, supra, at 454). A new trial is not required in light of the jury's special verdict as to the bus driver's negligence which it found was the proximate cause of the second accident. We have reviewed the other issues raised in this

appeal and find them to be without merit. Concur—Kupfer-man, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.