■ NANCY HALLETT, Appellant, v JULIAS AKINTOLA et al., Defendants, and KAREN L. MOSHIER, Respondent.—Weiss, J. Appeal from an order and judgment of the Supreme Court (Rose, J.), entered March 22, 1991 in Tompkins County, which, *inter alia,* granted defendant Karen L. Moshier's motion for summary judgment dismissing the amended complaint against her.

On January 27, 1989 plaintiff, while driving her motor vehicle on State Route 13 in the Town of Dryden, Tompkins County, suddenly applied her brakes and skidded on the slippery roadway. Defendant Karen L. Moshier, who was driving behind plaintiff, also went into a skid and struck plaintiff's car in a minor collision. Moshier parked on the shoulder of the road approximately two car lengths ahead of plaintiff who was also parked on the shoulder. Neither plaintiff nor Moshier were injured and both got out of their vehicles, made inquiries of each other and checked the vehicles for damage. Thereafter, while plaintiff was walking on the shoulder of the road toward Moshier's vehicle to exchange insurance information, she was struck by a third vehicle operated by defendant Julius Akintola and sustained serious injuries. Supreme Court granted Moshier's motion for summary judgment dismissing the amended complaint against her based upon a lack of proximate cause.

Plaintiff contends that the first accident required her to pull her vehicle off the road to inspect for damage and to exchange insurance information as required by law, and that as a result she was made vulnerable to traffic on a hazardous roadway. She has alleged that this vulnerability caused by Moshier was a proximate cause of her injuries. We disagree.

When the second accident occurred, the situation resulting from the first accident was a static, completed occurrence with

both vehicles parked safely on the shoulder and with plaintiff's position normal for a pedestrian (see, Gralton v Oliver, 277 App Div 449, 452, affd 302 NY 864; see also, Southwell v Riverdale Tr. Corp., 149 AD2d 385; Scott v Mead, 132 AD2d 755). The foreseeable peril inherent in the first accident ceased when the vehicles were safely on the shoulder with all parties uninjured. The second accident arose from a new and independent cause and not as the consequence of Moshier's original acts (see, Scott v Mead, supra). This situation is readily distinguishable from that of McMorrow v Trimper (149 AD2d 971, affd 74 NY2d 830), relied upon by plaintiff, where the vehicles involved in the accident came to rest on a large bridge in the traffic lane at night with snow falling. Since the plaintiff there had not reached a safe place, nor was such a safe position readily available, it was foreseeable that some injury could result from the defendant's negligence, albeit not in the exact manner which followed. Here, Moshier parked her car off the highway in front of plaintiff's car and it cannot be said that the manner in which she was parked breached any duty to exercise reasonable care to her (cf., O'Connor v Pecoraro, 141 AD2d 443).

Mahoney, P. J., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the order and judgment are affirmed, with costs.