■ Gary Dunlap, Respondent, v City of New York et al., Defendants, and Gerard A. Russo et al., Appellants.—In an negligence action to recover damages for personal injuries, the defendants Gerard A. Russo and Luigi Russo appeal from a judgment of the Supreme Court, Queens County (Posner, J.), entered March 7, 1990, which, upon separate jury verdicts as to liability and damages, and upon an order of the same court, dated January 25, 1990, finding that the jury verdict as to damages is excessive, and upon a stipulation by the plaintiff reducing damages, is in the plaintiff's favor and against them in the principal sum of $215,000.

Ordered that the judgment is affirmed, with costs.

At approximately 2:00 A.M. on August 21, 1986, while the plaintiff was driving eastbound on a service road of the Long Island Expressway (a roadway consisting of three eastbound lanes known as the Horace Harding Expressway), his vehicle struck a New York City Department of Sanitation "sweeper" vehicle. The plaintiff's vehicle, which was rendered inoperable, came to rest between the middle and right lanes. Approxi-

mately 10 minutes later the plaintiff's vehicle was struck from behind by an automobile driven by the defendant Luigi Russo. The plaintiff, who was injured as the result of the first collision, was still in his car at the time of this second collision. According to Russo's testimony, he had been proceeding eastbound in the left lane when he observed a pedestrian standing in the roadway who apparently was attempting to direct traffic around the scene of the first accident. Russo braked hard and veered to the right in his attempt to avoid the pedestrian. It had been drizzling for several hours and the roadway was wet, and thus Russo was unable to gain control of his car before it skidded into the rear of the plaintiff's vehicle.

We reject Russo's contention that the trial court erred in not permitting the jury to consider the negligence of the plaintiff and the operator of the New York City Department of Sanitation vehicle in causing the first accident, as a proximate cause of the second accident. Under the circumstances, the plaintiff's immobilized vehicle "merely furnished the condition * * * for the occurrence of the event rather than one of its causes" (*Sheehan v City of New York*, 40 NY2d 496, 503; *cf., Gralton v Oliver*, 277 App Div 449, 451-452, *affd* 302 NY 864). Therefore, the trial court correctly precluded the jury from apportioning liability for the second accident to the plaintiff or the defendant City.

Also without merit is Russo's argument that the total damages award of $350,000 for both accidents was excessive. As result of the collisions, the plaintiff suffered, among other injuries, a posterior dislocation of the right hip with a fracture of the posterior acetabelum and a chip fracture of the posterior right ilium. Following the accidents he was hospitalized for 18 days, about 14 of which he spent in traction. The plaintiff experienced significant pain during this period of time. Upon being discharged, the plaintiff was forced to walk with the aid of crutches or a cane for approximately three and one-half months. The plaintiff's treating physician testified that X-rays of the area of the injury show the development of degenerative osteoarthritis of the hip and aseptic necrosis of the femural head resulting from the trauma. The plaintiff has been required to curtail his ordinary activities, including participation in sports. He continues to experience pain in the area of the hip injury during cold weather and when sitting for extended periods of time. The plaintiff was 28 years old at the time of the trial with a life expectancy of 46 years. Given these circumstances, we cannot conclude that the damages

award deviates materially from what would be reasonable compensation (see, CPLR 5501 [c]).

We have examined the parties' remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.