■ ROSEMARY MIKELINICH et al., Respondents, v R. A. GIO-VANNETTI et al., Respondents, and DELORES C. ELLIS, Appellant. [658 NYS2d 47] —In an action to recover damages for personal injuries, the defendant Delores C. Ellis appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 20, 1996, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as they are asserted against the appellant, and the action against the remaining defendants is severed.

On November 24, 1989, the defendant Delores C. Ellis lost control of her vehicle while driving north on ice-covered Carmen Road in Huntington, New York. Her vehicle spun around and came to a stop straddling both the north- and south-bound lanes, two to three car lengths from the crest of the hill which she had been descending. Ellis was then hit by the defendant R. A. Giovannetti, who had been driving north directly behind her. Approximately one minute later, the plaintiff Rosemary Mikelinich, also driving north, came over the crest of the hill, and, trying to avoid the two cars in the middle of the roadway, skidded into a utility pole. Mrs. Mikelinich, who was wearing her seat belt, was not injured by this impact. She then telephoned her husband, the plaintiff Mario Mikelinich, from her car phone, and he arrived on the scene some 10-15 minutes later, just as the Ellis and Giovannetti cars were being driven off to the side of the road. As Mario Mikelinich was standing by his wife's car, the defendant Patricia D'Alessandro also came over the crest of the hill, skidded on the ice, and struck the Mikelinich vehicle, causing injuries to both of the plaintiffs.

On these facts, Ellis's motion for summary judgment should have been granted. The only witnesses to the first accident, Ellis and Giovannetti, testified that Ellis was driving slowly and

carefully at the time her car spun out of control on the ice. Therefore, there is no issue of fact requiring a trial as to Ellis's negligence. Moreover, Rosemary Mikelinich drove into the utility pole within one minute after the Ellis-Giovannetti collision. Ellis cannot be charged with negligence for not removing her car from the roadway within one minute after her own accident (cf., Osowicki v Engert, 85 AD2d 778). By the time the plaintiffs were injured by the D'Alessandro's vehicle, more than 15 minutes had elapsed since the initial accident, and Ellis's car was already safely off the road. Accordingly, "[t]he second accident arose from a new and independent cause and not as the consequence of [Ellis's] original acts" (Hellett v Akintola, 178 AD2d 744, 745), even had those acts been negligent (see also, Sheehan v City of New York, 40 NY2d 496; Zulli v Halleran, 198 AD2d 347; Williams v Envelope Tr. Corp., 186 AD2d 797; Dunlap v City of New York, 186 AD2d 782; Southwell v Riverdale Tr. Corp., 149 AD2d 385). Rosenblatt, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.