◼ FIORE ESPOSITO, as Administrator of the Estate of FRANCES ESPOSITO, Deceased, Respondent, v JOSEPH REA, Defendant, and JOAN GLEESON, Appellant. [665 NYS2d 287] —In an action to recover damages for wrongful death, the defendant Joan Gleeson appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated October 4, 1996, which denied her motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint and any cross claims are dismissed insofar as asserted against the defendant Joan Gleeson.

Contrary to the plaintiff's contentions, even if the appellant was negligent in permitting her automobile to run out of gas and pulling over to the side of the road, this was not a proximate cause of the death of the plaintiff's decedent. Rather, at most the appellant merely furnished the condition for the occurrence of the accident (*see, Dunlap v City of New York,* 186 AD2d 782; *Williams v Envelope Tr. Corp.,* 186 AD2d 797). Furthermore, it was not foreseeable that the plaintiff's decedent would be hit by the oncoming vehicle of the defendant Joseph Rea as a consequence of the appellant's alleged negligence, especially since the plaintiff's decedent eschewed the comparative safety of the available sidewalk, and instead gratuitously chose to stand in the roadway while the car was being fueled (*see, Ventricelli v Kinney Sys. Rent A Car,* 45 NY2d 950; *Mikelinich v Giovannetti,* 239 AD2d 471; *Hallett v Akintola,* 178 AD2d 744). Accordingly, the appellant demonstrated her entitlement to summary judgment. Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.