■ MARK GERSE et al., Respondents, v MARIO E. NEYJOVICH et al., Defendants, THOMAS L. LEE et al., Appellants, and MARK HALPERN, Respondent. [780 NYS2d 615]—

In an action to recover damages for personal injuries and wrongful death, etc., the defendants Thomas L. Lee and Lawrence A. Hooper appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated January 6, 2004, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiffs-respondents.

The decedent was a passenger in an automobile owned by the appellant Thomas L. Lee and operated by the appellant Lawrence A. Hooper (hereinafter the Hooper vehicle), which became disabled in the left-hand lane of Avenue U at the intersection of East 33rd Street in Brooklyn on December 29, 2000, at approximately 11:00 P.M. The Hooper vehicle was rear-ended by a vehicle driven by the defendant Andrew Neyjovich (hereinafter Neyjovich), who was driving while intoxicated and subsequently pleaded guilty to manslaughter in the second degree for the death of the decedent. After an action was commenced to recover damages for the decedent's personal injuries and wrongful death, the appellants cross-moved to dismiss the complaint and all cross claims insofar as asserted against them, arguing that Neyjovich's driving was the sole proximate cause of the decedent's death. The Supreme Court denied the cross motion. We affirm.

The appellants submitted prima facie evidence that the Hooper vehicle was disabled, that there was no opportunity to move the vehicle prior to the collision, and that the vehicle lost power, rendering the lights and hazard lights inactive (*see generally Eltahan v Rejouis*, 7 AD3d 760 [2004]; *Siegel v Boedigheimer*, 294 AD2d 560, 562 [2002]). In opposition, the plaintiffs raised a triable issue of fact as to whether the Hooper vehicle had power, and therefore whether Hooper was negligent in not using hazard lights in violation of Vehicle and Traffic Law § 1163 (e), and, if so, whether such negligence was a proximate cause of the decedent's death. Summary judgment was inappropriate here, where the plaintiffs did not have an opportunity to depose the operator of the vehicle, where testimony would be critical to rebut the cross motion.

The appellants' remaining contentions are without merit. Altman, J.P., H. Miller, Townes and Fisher, JJ., concur.