OPINION OF THE COURT
Memorandum.
Judgment reversed without costs, decision vacated except insofar as it implicitly denied defendants’ motion to dismiss the complaint, and matter remanded for all further proceedings. Defendants shall submit an answer within 10 days of service upon them of a copy of this order.
In this action, plaintiff, the board of directors of a condominium homeowners’ association, seeks $1,083.36 from the owner of a condominium unit, defendant Amy Cappello, and her father, defendant Gene Cappello, alleging, among other things, breach of contract.
In August of 2003, Ms. Cappello purchased a condominium unit from two individuals. For the relevant period at issue in this lawsuit, the common charges for the condominium were set at $429.18 per month, which Ms. Cappello paid for two years. Plaintiff alleges that Ms. Cappello fell behind on her payments, prompting plaintiff to bring the instant action seeking not only the unpaid common charges, but also late charges, interest, and attorney’s fees, as allegedly specified in the association’s declaration, bylaws and rules and regulations. Defendants moved to dismiss the complaint for failure to state a cause of action on the ground that there was no contract between the parties. In support of that motion, Ms. Cappello argued that she was not obligated to pay any interest, late fees, or attorney’s fees, even if they were outlined in the declaration and bylaws, because she had never received *40 those documents or discussed any such terms with plaintiff. However, Ms. Cappello conceded that she was obligated to pay the common charges. In response, plaintiff argued, among other things, that Ms. Cappello was in default because she had not appeared and answered on the return date of the summons, and that she was bound by the declaration and bylaws by virtue of her ownership of the unit.
After two appearances, denominated hearings by the court below, the court, by decision dated January 30, 2006, essentially denied defendants’ motion to dismiss and sua sponte found in favor of plaintiff in the amount of $429 plus costs. The court apparently determined that, while defendants were liable for one month of unpaid common charges, they were not bound to pay any late fees, interest, or attorney’s fees.
Plaintiff appeals, in effect, on the ground of inadequacy.
Plaintiffs first point of contention is that the court below erred by entertaining defendants’ motion to dismiss. Plaintiff argues that defendant Amy Cappello is in default and that the court should not have rendered its decision, which effectively excused Ms. Cappello’s alleged default. Instead, the court should have allowed plaintiff to apply to the clerk for a default judgment to be entered upon a sum certain, pursuant to CPLR 3215 (a). Plaintiff also argues that defendant Gene Cappello had no right to bring the motion as he is not a proper party to the action because the evidence shows that he has no ownership interest in the condominium.
We find that, under the totality of the circumstances presented, the court did not improvidently exercise its discretion in refusing to hold Ms. Cappello in default and granting defendants an adjournment (see e.g. Matter of Anthony M., 63 NY2d 270 [1984] [whether to grant an adjournment for any purpose rests within the sound discretion of the trial court]). As to Mr. Cappello, plaintiff named him as a party in this suit, and so he had the right to bring a motion to dismiss the action (see CPLR 3211; UJCA 1001). While plaintiff, in effect, concedes that the action should be dismissed as against Mr. Cappello, this court is precluded from granting defendants’ motion to dismiss as against Mr. Cappello since defendants have not cross-appealed.
Plaintiff also contends that the court below erred in “deciding the entirety of this matter and not limiting itself to deciding the issues raised by [the] motion to dismiss.” In its decision, the court clearly went beyond defendants’ motion to dismiss, as it *41 rendered a judgment in favor of plaintiff. However, it is not clear from the record whether a trial was ever held in this matter. We find that a trial was necessary in this case, as the record indicates that the parties disputed the amount of common charges outstanding.
We also find that the court erred in holding that Ms. Cappello was not bound by the declaration and bylaws, which plaintiff alleges impose the late fees, interest and attorney’s fees. The court apparently based its decision in part on the asserted failure of the management company to keep track of all unit sales and of the sellers to provide the buyer with a copy of the bylaws as required by their contract. However, neither the management company nor the sellers are parties to this suit, and, to the extent either failed in its duty to Ms. Cappello, her remedy, if any, lies against them.
Moreover, condominium unit owners are required by statute to “comply strictly with the by-laws and with rules, regulations, resolutions and decisions” adopted by a condominium (Real Property Law § 339-j). The New York Condominium Act (Real Property Law art 9-B) does not require a condominium board of directors to furnish all unit purchasers with a copy of the declaration or bylaws; instead, the board is only required to have a copy of such documents available in the office for inspection (Real Property Law § 339-q). In addition, plaintiffs contend that the declaration and bylaws at issue in this case were duly recorded with the Office of the Clerk of Putnam County, Division of Land Records. If so, Ms. Cappello, as the purchaser of the property, would be charged with constructive notice of the contents of those documents (Real Property Law § 316-a; see e.g. Fairmont Funding v Stefansky, 301 AD2d 562, 564 [2003] [if a purchaser “fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed”]; Cohalan v Lechtrecker, 84 AD2d 775, 777 [1981] [“recorded declaration manifested to all prospective buyers the restriction which limited the use of the property”], affd 56 NY2d 861 [1982]). Therefore, Ms. Cappello was bound to comply with the terms and conditions set forth in the declaration and bylaws.
In light of our decision, we do not reach appellant’s other contentions.
*42 Accordingly, the matter is remanded to the court below for all further proceedings. Defendants shall submit an answer, pursuant to UJCA 902, within 10 days of service upon them of a copy of this order.
Rudolph, EJ., Emerson and LaCava, JJ., concur.