■ CATHERINE BARNES et al., Respondents, v DEAN E. FIX et al., Appellants, et al., Defendants. [880 NYS2d 795]—

Appeals from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered December 24, 2007 in a personal injury action. The order denied the motions of Dean E. Fix and Harrison W. Caleb, Jr. for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion of Harrison W. Caleb, Jr. and dismissing the complaint against defendant David S. Broderick, as administrator of the estate of Harrison W. Caleb, Jr., deceased, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Catherine Barnes (plaintiff) when the vehicle she was driving was struck by a vehicle driven by Harrison W. Caleb, Jr. and then again by a vehicle driven by defendant Dean E. Fix. After the vehicle driven by Caleb struck plaintiff's vehicle, Caleb moved his vehicle to the side of the road, and plaintiff's vehicle was then struck by the vehicle driven by Fix while plaintiff stood outside of her vehicle waiting for the police. Plaintiff attempted to reenter the driver's side of

her stopped vehicle in order to avoid Fix's vehicle as it slid out of control but was unable to do so, and her legs were injured when the driver's side door of her vehicle was struck by Fix's vehicle.

We conclude that Supreme Court erred in denying the motion of Caleb for summary judgment dismissing the complaint against him with respect to the first and second accident, and we therefore modify the order accordingly. We note that Caleb died after taking this appeal, and that David S. Broderick has been substituted as administrator of his estate. Caleb met his initial burden by submitting the deposition testimony of plaintiff and the report of a physician who examined plaintiff at Fix's request, both establishing that plaintiff did not sustain any injury in the first accident (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; Prince, Richardson on Evidence § 8-202 [Farrell 11th ed]). Neither plaintiffs nor Fix raised a triable issue of fact in opposition to that part of Caleb's motion with respect to the first accident and, indeed, plaintiff conceded that she did not sustain a serious injury as a result of the first accident.

Additionally, we conclude that Caleb was entitled to summary judgment dismissing plaintiff's complaint to the extent it sought to recover damages from Caleb for injuries resulting from the second accident involving Fix. Caleb's negligence, if any, "did nothing more than to furnish the condition or give rise to the occasion by which the injury was made possible and which was brought about by the intervention of a new, independent and efficient cause" (*Gralton v Oliver*, 277 App Div 449, 452 [1950], *affd* 302 NY 864 [1951]). Accordingly, Caleb's motion for summary judgment dismissing the complaint insofar as asserted against him for injuries arising out of the second accident also should have been granted (*see Agurto v Dela*, 44 AD3d 362 [2007]).

The court also properly denied the motion of Fix for summary judgment dismissing the complaint against him. Although Fix met his initial burden on the motion, plaintiffs raised triable issues of fact, i.e., whether Fix encountered a " 'sudden emergency' " and whether he acted reasonably in light of all of the circumstances, including the icy road conditions (*Lauricella v McKinney*, 284 AD2d 939 [2001]; *see Sossin v Lewis*, 9 AD3d 849, 850-851 [2004], *amended on rearg* 11 AD3d 1045 [2004]). Present—Hurlbutt, J.P., Martoche, Carni, Green and Pine, JJ.