■ MARGUERITE McKEE, Appellant, et al., Plaintiff, v STEVEN PLONSKY et al., Respondents. [905 NYS2d 807]—

Appeal from an order of the Supreme Court, Monroe County (David Michael Barry, J.), entered July 22, 2009 in a personal injury action. The order granted the motion of defendants for summary judgment and denied the cross motion of plaintiffs for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Marguerite McKee (plaintiff) when she lost control of her vehicle while following a vehicle driven by Steven Plonsky (defendant) and crashed into a telephone pole. We conclude that Supreme Court properly granted defendants' motion for summary judgment inasmuch as the negligent conduct of defendant was not a proximate cause of the accident.

The evidence submitted by defendants in support of their motion, including defendant's deposition testimony, was sufficient to meet their initial burden. According to defendant, his vehicle was stopped at an intersection waiting to make a left-hand turn when plaintiff approached from behind, lost control of her vehicle, and crashed into a telephone pole. Defendant testified that he observed plaintiff initially slow down as she approached his

vehicle from behind but then suddenly speed up. Defendant was familiar with plaintiff inasmuch as they traveled the same route for a portion of their commute to work and had encountered each other several times in the past. Defendants also submitted the deposition testimony of an eyewitness who testified that defendant's vehicle was "very far ahead" of plaintiff's vehicle when defendant reached the intersection.

In opposition to the motion and in support of their cross motion for partial summary judgment on the issues of negligence, proximate cause and serious injury, plaintiffs submitted evidence establishing that defendant was negligent. Plaintiffs submitted the deposition testimony of plaintiff in which she confirmed that she had driven the route in question with defendant numerous times in the past, and she testified that she had observed him drive unsafely, including passing her at a high rate of speed. On the morning of the accident, plaintiff observed defendant weaving his vehicle from side to side behind her and, in response, plaintiff began weaving her vehicle to prevent defendant from passing her. Defendant thereafter passed plaintiff's vehicle on the right shoulder of the road at a speed of approximately 50 miles per hour, and plaintiff was forced into the left lane, across a double yellow line and into oncoming traffic. At that point, plaintiff called 911 to report defendant's driving and continued to follow him.

Plaintiff further testified that defendant had slowed down after passing her and that, as they approached the first intersection, defendant slammed on his brakes suddenly and "tried to get [her] to rear end him." As they proceeded to the intersection where the accident occurred, plaintiff told the 911 operator that she was going to "get up to [defendant] again" to get his license plate number. The operator advised plaintiff not to approach defendant's vehicle too closely. Plaintiff testified that defendant then "did something. I don't know what." After observing his brake lights, she unsuccessfully attempted to stop, lost control of her vehicle and slid into the telephone pole. Although defendant acknowledged in his deposition testimony that he passed plaintiff on the right, he justified his conduct on the basis that plaintiff had been driving slowly and weaving around in an attempt to prevent him from passing her. Defendant was charged with speeding, reckless driving and assault in the third degree as a result of his conduct, and he pleaded guilty to disorderly conduct in satisfaction of all charges.

Although we conclude that defendant's conduct was negligent and reprehensible, plaintiff is not entitled to summary judgment where that conduct was not a proximate cause of the ac-

cident. "As a general rule, the question of proximate cause is to be decided by the finder of fact" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 312 [1980], *rearg denied* 52 NY2d 784, 829 [1980]). "There are certain instances, [however], where only one conclusion may be drawn from the established facts and where the question of legal cause may be decided as a matter of law" (*id.* at 315). This case presents such an instance. Defendant was driving erratically and recklessly and had passed plaintiff's vehicle approximately one mile from the place where the accident occurred and approximately 1½ minutes before it occurred. That distance and lapse of time was sufficient to break the causal chain as a matter of law.

Moreover, plaintiff's conduct in following closely behind defendant and attempting to catch him constituted a superseding cause of the accident (*see generally Ohdan v City of New York*, 268 AD2d 86, 89-90 [2000], *lv denied* 95 NY2d 769 [2000], *appeal dismissed* 95 NY2d 885 [2000]). Although plaintiff allegedly attempted to catch up to defendant's vehicle because defendant was driving recklessly, we conclude that defendant's conduct " 'did nothing more than . . . furnish the condition or give rise to the occasion by which the injury was made possible and [that] was brought about by the intervention of a new, independent and efficient cause,' " i.e., plaintiff's own negligent conduct in following plaintiff too closely (*Barnes v Fix*, 63 AD3d 1515, 1516 [2009], *lv denied* 13 NY3d 716 [2010]). Plaintiff's conclusory statement that defendant "did something" before plaintiff observed his brake lights and collided with the telephone pole is insufficient to meet plaintiff's burden of raising a triable issue of fact (*see generally Pensabene v Incorporated Vil. of Val. Stream*, 202 AD2d 486 [1994]). Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.