OPINION OF THE COURT
Memorandum.
Ordered that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover for damage to his vehicle, which was sustained on October 24, 2009. On the small claims complaint form, plaintiff alleged that his son, who was driving plaintiffs vehicle on the Seaford Oyster Bay Expressway, “collid[ed]” with a license plate which was lying in the roadway, following which his son lost control of the vehicle and hit the concrete median of the highway. He further alleged that defendant Village Auto Body Works, Inc. (Village Auto) was responsible for the resulting damage because, on October 18, 2009, while towing the vehicle which bore this license plate from an accident, Village Auto had negligently left car parts on the highway. Plaintiff brought a separate small claims action against Erika Garcia and Amoldo Garcia, who were, respectively, the owner and operator of the vehicle that had been involved in the earlier accident. On the trial date, the action was adjourned over plaintiffs objection, following which the defendants in the two actions each moved, pursuant to CPLR 3212, for summary judgment dismissing the actions. The *15 actions were consolidated for disposition, and were both dismissed. The dismissal of the Garcia action is the subject of a separate appeal to this court (see Rozz v Garcia, 34 Misc 3d 149[A], 2012 NY Slip Op 50242[U] [2012] [decided herewith]).
The adjournment of the trial was a matter entrusted to the sound discretion of the District Court (see Nieves v Tomonska, 306 AD2d 332 [2003]; Board of Directors of Hill & Dale Homeowners Assoc., Inc. v Cappello, 18 Misc 3d 38 [App Term, 9th & 10th Jud Dists 2007]). Here, the adjournment, which permitted the parties to address a threshold legal issue, did not constitute an improvident exercise of discretion (see Wolosin v Campo, 256 AD2d 332 [1998]).
Nor did the District Court err in entertaining defendant’s motion for accelerated judgment. The court rules governing small claims procedure specifically provide for the hearing of motions (see Uniform Civil Rules for Dist Cts [22 NYCRR] § 212.41 [Z]), and we have previously affirmed orders granting CPLR article 32 motions for accelerated judgment made in small claims court (e.g. Spiegel v Continental Airlines, 11 Misc 3d 145[A], 2006 NY Slip Op 50812[U] [App Term, 9th & 10th Jud Dists 2006]; Hardin v Northport-East Northport Union Free School Dist., 4 Misc 3d 128[A], 2004 NY Slip Op 50636[U] [App Term, 9th & 10th Jud Dists 2004]).
It is incumbent on the proponent of a motion for summary judgment to “make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Here, plaintiff premised his claims against defendant on defendant’s allegedly having left debris from the Garcia vehicle on the roadway during its October 18, 2009 removal of the Garcia vehicle from the Seaford Oyster Bay Expressway, six days prior to the accident involving plaintiffs automobile. Accepting the facts alleged by plaintiff to be true, we nevertheless conclude that defendant made out a prima facie showing of entitlement to summary judgment dismissing the complaint because the October 18, 2009 accident merely “furnished the condition or occasion for,” and, as a matter of law, was not a proximate cause of, the accident on October 24, 2009 (see Sheehan v City of New York, 40 NY2d 496, 503 [1976]; Jablonski v Jakaitis, 85 AD3d 969 [2011]; Esposito v Rea, 243 AD2d 536 [1997]; Mikelinich v Giovannetti, 239 AD2d 471 [1997]; Zulli v Halleran, 198 AD2d 347 [1993]; Dunlap v City of New York, 186 AD2d 782 [1992]).
*16 The burden therefore shifted to plaintiff to produce evidentiary proof in admissible form to establish that material issues of fact existed which required a trial (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Citing Vehicle and Traffic Law § 1219 (c), which imposes a duty on “[a]ny person removing a wrecked or damaged vehicle from a highway [to] remove any glass or other injurious substance dropped upon the highway from such vehicle,” plaintiff contends that a material issue of fact exists as to whether defendant violated that statute by failing to remove the Garcia vehicle’s accident debris from the roadway, and that a statutory violation would, if proved, establish defendant’s negligence. Plaintiff further contends that he was entitled to a trial in order to cross-examine witnesses to the October 18th accident concerning defendant’s alleged negligence. However, even assuming that plaintiff could establish that defendant violated a statute and was negligent in its removal of debris from the site of the October 18th accident, such negligence would not, as a matter of law, constitute a proximate cause of the October 24th accident or of plaintiffs damages (see Palsgraf v Long Is. R.R. Co., 248 NY 339, 343-344 [1928]; White v Diaz, 49 AD3d 134, 134-135 [2008]). We therefore conclude that the District Court’s award of summary judgment dismissing the action rendered substantial justice between the parties according to the rules and principles of substantive law (UDCA 1804, 1807). The judgment is, accordingly, affirmed.
Molía, J.P, Nicolai and Iannacci, JJ., concur.