■ James Gregware et al., Plaintiffs, v City of New York, Defendant, Burtis Construction, Co., Inc., Appellant, and MD K. Hasan et al., Respondents. [941 NYS2d 152]—

Orders, Supreme Court, New York County (George J. Silver, J.), entered January 20, 2011, which granted defendants Romero-Valerezo and Romero's, Hasan and Dochenka Taxi's, and Ahmad Albahri and Omar Albahri's motions for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, without costs.

Following a three-car collision on the West Side Highway, plaintiff's vehicle collided with one of the stopped cars. The impact of this collision was slight, and he was not injured. He exited his car to check on the passengers in the other car. After learning that they were uninjured, he returned to his car, retrieved his insurance information, and exited his car a second time. At that moment, a car driven by defendant DaSilva rear-ended plaintiff's car, which struck and injured plaintiff.

Defendant Burtis Construction Co. did not oppose Romero and Romero-Valerezo's and Hasan and Dochenka Taxi's motions, and therefore may not appeal from the order that decided them (*see Tortorello v Carlin*, 260 AD2d 201, 205 [1999]). In any event, the drivers of the cars that were involved in the initial accident did not cause DaSilva to hit plaintiff; they "did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible and which was brought about by the intervention of a new, independent and efficient cause" (*Barnes v Fix*, 63 AD3d 1515, 1516 [2009], *lv denied* 13 NY3d 716 [2010] [internal quotation marks omitted]). Concur—Tom, J.P., Catterson, Renwick and Richter, JJ.