# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1088**

**CA 12-00773**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

MARK GARDNER AND JOANNE GARDNER,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

JONATHAN C. PERRINE, ET AL., DEFENDANTS,
AND SEALAND CONTRACTORS CORP.,
DEFENDANT-RESPONDENT.

---

ROSE & REH, LLC, VICTOR, MICHAEL STEINBERG, ROCHESTER, FOR
PLAINTIFFS-APPELLANTS.

LAW OFFICES OF LAURIE G. OGDEN, ESQ., ROCHESTER (GARY J. O'DONNELL OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Ontario County
(Frederick G. Reed, A.J.), entered December 15, 2011 in a personal
injury action. The order granted the motion of defendant Sealand
Contractors Corp. for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied
and the complaint against defendant Sealand Contractors Corp. is
reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries sustained by Mark Gardner (plaintiff) when he was struck by a
vehicle while attempting to repair a dislodged water valve cover on
North Main Street in Canandaigua. At the time of the accident,
plaintiff was an engineer employed by the New York State Department of
Transportation and was overseeing the repaving work of Sealand
Contractors Corp. (defendant). Plaintiff noticed the dislodged valve
cover in the street and contacted a supervisor at defendant to repair
the cover. According to plaintiff, the supervisor indicated that all
of defendant's crews had left for the day and asked plaintiff to take
care of the problem. Plaintiff parked his vehicle partially on the
road and turned on the vehicle's emergency light. He attempted to fix
the cover but realized that he needed a tool in the trunk of his
vehicle to do so. While standing behind his vehicle retrieving the
tool, plaintiff was struck by a passing vehicle.

Defendant moved for summary judgment seeking, inter alia,
dismissal of the complaint against it on the ground that, even if it
was negligent, its negligence provided only the occasion or

opportunity for the accident and was not a proximate cause of the accident. We conclude that Supreme Court erred in granting the motion. "To establish a prima facie case, plaintiff must show that 'defendant's negligence was a substantial cause of the events which produced the injury' " (*Kush v City of Buffalo*, 59 NY2d 26, 32-33). "An intervening act will be deemed a superseding cause and will serve to relieve defendant of liability when the act is of such an extraordinary nature or so attenuates defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant . . . When, however, the intervening act is a natural and foreseeable consequence of a circumstance created by defendant, liability will subsist" (*id.* at 33). "[T]hese issues generally are for the [factfinder] to resolve" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784).

Here, defendant failed to meet its initial burden of establishing that the intervening acts of plaintiff in positioning himself in the middle of the road, and the third party striking plaintiff with his vehicle, were unforeseeable and extraordinary acts. The deposition testimony and the photographs of the scene of the accident established that the water valve was in the middle of the driving lane, not in the shoulder of the street, so that it was necessary for plaintiff to stand in the middle of the road to fix the displaced cover. Plaintiff testified that he positioned his vehicle partially in the road to protect himself while at the same time giving motorists room to maneuver around him. It was therefore foreseeable that plaintiff would be standing in the road while attempting to fix the defect. It was also foreseeable that there was a risk to plaintiff of being struck by an inattentive driver as he attempted to fix the displaced cover (*see White v Diaz*, 49 AD3d 134, 140).

The court's reliance on *Barnes v Fix* (63 AD3d 1515, *lv denied* 13 NY3d 716) was misplaced. In that case, the plaintiff wife (hereafter, the plaintiff) was rear-ended by a vehicle driven by Harrison W. Caleb, Jr., but was not injured in that accident (*id.* at 1515-1516). Caleb moved his vehicle to the side of the road, while the plaintiff left her vehicle in the road and stood outside it to wait for the police (*id.* at 1515). A vehicle driven by one of the defendants, Dean E. Fix, slid out of control, and the plaintiff attempted to reenter her vehicle but was unable to do so and was injured when Fix's vehicle struck her vehicle (*id.* at 1515-1516). We held that Caleb was not liable for injuries sustained by the plaintiff in the second accident because his "negligence, if any, 'did nothing more than to furnish the condition or give rise to the occasion by which the injury was made possible and which was brought about by the intervention of a new, independent and efficient cause' " (*id.* at 1516, quoting *Gralton v Oliver*, 277 App Div 449, 452, *affd* 302 NY 864). The record on appeal in *Barnes* establishes that, as in *Gralton*, the plaintiff's vehicle was stopped in no different a position after the first accident, which was at or near a stop sign, i.e., a normal or lawful position and not a position of peril (*see Gralton*, 277 App Div at 450, 452; *see also Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950, 952, *mot to amend remittitur granted* 46 NY2d 770). In contrast here, the alleged

negligent act of defendant placed plaintiff in an unsafe position, i.e., standing in the road with vehicles driving by him (*see* *Betancourt v Manhattan Ford Lincoln Mercury,* 195 AD2d 246, 247-248, *appeal dismissed* 84 NY2d 932).

Entered:  December 21, 2012 Frances E. Cafarell
Clerk of the Court