■ MICHAEL A. SERRANO, Appellant, v THOMAS A. GILRAY, JR., et al., Defendants, and MARCY A. SHEEHAN, Respondent. [58 NYS3d 817]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered April 4, 2016. The order granted the motion of defendant Marcy A. Sheehan for summary judgment dismissing the complaint against her.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: On April 1, 2013, plaintiff was one of three passengers in a vehicle operated by defendant Marcy A. Sheehan. Sometime between 10:30 p.m. and 11:00 p.m., Sheehan lost control of her vehicle and struck a concrete barrier. All of the occupants exited the vehicle and walked to a grassy area off of the roadway. Plaintiff then returned to the vehicle to retrieve his cell phone. Shortly thereafter, as plaintiff was returning to the grassy area, Sheehan's vehicle was struck by a vehicle operated by nonparty Chelsie Bertrand. Following that collision, plaintiff returned to the area where the two vehicles were situated, and the police arrived. Soon after the arrival of the police, plaintiff sustained personal injuries when he was struck by a vehicle operated by defendant Thomas A. Gilray, Jr. Thereafter, Gilray failed three field sobriety tests and, at 1:35 a.m. on April 2, 2013, his blood alcohol level was recorded as .127%. Earlier in the evening of April 1, 2013, Gilray had attended an event at defendant Corpus Christi Church (CCC), where alcohol was served. Plaintiff commenced the within action against, inter alia, Sheehan and CCC, alleging that he sustained injuries as a result of the multivehicle accident. Plaintiff further alleged that CCC was responsible for his injuries inasmuch as it sold and/or provided alcohol to Gilray, in violation of General Obligations Law § 11-101 and Alcoholic Beverage Control Law § 65, while Gilray was visibly intoxicated. CCC moved for summary judgment seeking dismissal of the complaint and any cross claims against it, and Sheehan filed a separate motion for summary judgment seek-

ing similar relief with respect to herself. Supreme Court granted each motion, and plaintiff appealed with respect to the relief granted to CCC and to Sheehan. During the pendency of this appeal, we were advised that plaintiff and CCC agreed to settle the action against CCC. We affirm the order granting Sheehan's motion.

We note at the outset that plaintiff does not challenge the court's determination that he made no claim of sustaining an injury in the initial accident when Sheehan lost control of her vehicle and struck a barrier. We therefore conclude that plaintiff abandoned any contention with respect to that determination (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984 [1994]).

Contrary to plaintiff's contention, the court properly granted Sheehan's motion. Sheehan's negligence, if any, " 'did nothing more than to furnish the condition or give rise to the occasion by which [plaintiff's] injury was made possible and which was brought about by the intervention of a new, independent and efficient cause' " (*Barnes v Fix*, 63 AD3d 1515, 1516 [2009], *lv denied* 13 NY3d 716 [2010]; *see Gregware v City of New York*, 94 AD3d 470, 470 [2012]; *Mikelinich v Giovannetti*, 239 AD2d 471, 472 [1997]). Prior to the Gilray accident, the situation resulting from the first accident "was a static, completed occurrence" with plaintiff and all of the passengers of Sheehan's vehicle safely off the roadway (*Hallett v Akintola*, 178 AD2d 744, 744 [1991]). The Gilray accident arose from a "new and independent cause and not as [the] consequence of [Sheehan's] original act[ ]" (*id.* at 745). "The risk undertaken by plaintiff" in returning to the roadway was created by himself (*Gralton v Oliver*, 277 App Div 449, 452 [1950], *affd* 302 NY 864 [1951]).

In our view, the dissent's reliance on *Hain v Jamison* (28 NY3d 524, 532 [2016]) is misplaced inasmuch as the Court of Appeals, citing *Gralton*, acknowledged that "proximate cause has been found lacking, as a matter of law, where a defendant negligently caused a vehicular accident, but the first accident was completed and the plaintiff was in a position of safety when a secondary accident occurred" (*id.*). Here, plaintiff returned to the roadway from a position of safety not once, but twice.

All concur except Peradotto, J., who dissents and votes to reverse in accordance with the following memorandum.

Peradotto, J. (dissenting). I respectfully dissent inasmuch as I disagree with the majority that defendant Marcy A. Sheehan met her burden of establishing that any negligence on her behalf was not a proximate cause of plaintiff's injury. I would

therefore reverse the order granting Sheehan's motion for summary judgment, deny the motion, and reinstate the complaint against Sheehan.

Inasmuch as Sheehan is the moving party, the facts must be viewed in the light most favorable to plaintiff and every available inference must be drawn in his favor (*see De Lourdes Torres v Jones*, 26 NY3d 742, 763 [2016]). Here, the submissions established that plaintiff was one of three passengers in a vehicle operated by Sheehan after leaving Dyngus Day festivities in Buffalo at night. While traveling westbound along a multi-lane roadway divided by a concrete barrier, Sheehan felt the vehicle begin to slip and may have overcorrected in response. The left side of the vehicle subsequently struck the barrier and came to a stop. All of the occupants exited the vehicle, climbed over the barrier, and crossed over the eastbound lanes to a grassy area off of the roadway. Although the headlights were on, Sheehan did not turn on the emergency hazard lights, and she could not recall whether anyone had done so or whether the taillights were on. Plaintiff returned to the vehicle to retrieve his cell phone so that someone could call 911, and he turned off the disabled vehicle. Shortly thereafter, as plaintiff returned to the grassy area, a vehicle operated by nonparty Chelsie Bertrand struck Sheehan's disabled vehicle, which had been left positioned diagonally across the left westbound lane with the front resting against the barrier. According to Bertrand, the lights of the disabled vehicle were not on, and she did not see it prior to the collision. A police officer then arrived at the scene, and plaintiff and Sheehan's husband accompanied the officer back across the barrier toward the disabled vehicle so that the officer could inspect it and speak with them about the accident. Plaintiff decided to go back to that area because he was best able to communicate with the officer inasmuch as Sheehan's husband was intoxicated, Sheehan was erratic and disoriented, and the other passengers were taking care of each other. Shortly thereafter, defendant Thomas A. Gilray, Jr., drove his truck down the roadway at a high rate of speed and, despite the officer's attempts to have him slow down by signaling with a flashlight, Gilray struck the disabled vehicle, which did not have its flashing hazard lights activated as he approached. Plaintiff and Sheehan's husband were also struck as a result of the impact, and each suffered serious injuries.

Contrary to the majority's conclusion, this is not a "rare case[ ]" in which it can be determined, as a matter of law, that Sheehan's negligence "merely created the opportunity for, but did not cause, the event that resulted in harm" to plaintiff

(*Hain v Jamison*, 28 NY3d 524, 530 [2016]). It is well established that "[t]he overarching principle governing determinations of proximate cause is that a defendant's negligence qualifies as a proximate cause where it is a substantial cause of the events which produced the injury . . . Typically, the question of whether a particular act of negligence is a substantial cause of the plaintiff's injuries is one to be made by the factfinder, as such a determination turns upon questions of foreseeability and what is foreseeable and what is normal may be the subject of varying inferences . . . When a question of proximate cause involves an intervening act, liability turns upon whether the intervening act is a *normal or foreseeable consequence* of the situation created by the defendant's negligence . . . Thus, [w]here the acts of a third person intervene between the defendant's conduct and the plaintiff's injury, the causal connection is not automatically severed . . . Rather, [t]he mere fact that other persons share some responsibility for plaintiff's harm does not absolve defendant from liability because there may be more than one proximate cause of an injury . . . It is [o]nly where the intervening act is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct, [that it] may . . . possibly break[ ] the causal nexus . . . To state the inverse of this rule, liability *subsists* [w]hen . . . the intervening act is a natural and foreseeable consequence of a circumstance created by defendant" (*id.* at 528-529 [internal quotation marks omitted]; *see Kush v City of Buffalo*, 59 NY2d 26, 33 [1983]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314-315 [1980], *rearg denied* 52 NY2d 784 [1980]).

Under the circumstances of this case, a factfinder could reasonably conclude that a foreseeable consequence of Sheehan's negligence in losing control, striking the barrier, and leaving the disabled vehicle obstructing the left lane of a divided roadway without activating the flashing hazard lights at night is that motorists, unable to see the vehicle at they approached, would strike it (*see Commisso v Meeker*, 8 NY2d 109, 117 [1960]; *Gerse v Neyjovich*, 9 AD3d 384, 385 [2004]; *Bertrand v Vingan*, 249 AD2d 13, 13 [1998]; *Weary v Holmes*, 249 AD2d 957, 957-958 [1998]). In determining that the situation resulting from Sheehan's accident was a static, completed occurrence prior to Gilray's collision, the majority fails to account for the critical facts that the disabled vehicle was not moved safely off the roadway and instead remained in a position of peril obstructing the left lane without its flashing hazard lights activated, and that plaintiff was injured while positioned near the disabled vehicle (*cf. Gralton v Oliver*, 277 App Div 449, 452

[1950], *affd* 302 NY 864 [1951];· *Barnes v Fix*, 63 AD3d 1515, 1515-1516 [2009], *lv denied* 13 NY3d 716 [2010]; *Mikelinich v Giovannetti*, 239 AD2d 471, 471-472 [1997]; *Hallett v Akintola*, 178 AD2d 744, 744-745 [1991]; *accord Gardner v Perrine*, 101 AD3d 1587, 1588 [2012]). Plaintiff's positioning of himself in the area of the disabled vehicle where he was susceptible to further harm is also foreseeable. The fact that plaintiff, as a passenger involved in a vehicular accident, would leave a place of safety to return to the vehicle to speak with a responding officer—particularly where, as here, plaintiff was best positioned to provide the officer with information given the condition and preoccupation of Sheehan and the other passengers—is "an entirely normal or foreseeable consequence of the situation created by [Sheehan's] negligence" (*Hain*, 28 NY3d at 533 [internal quotation marks omitted]). The risk of returning to the roadway certainly implicates plaintiff's comparative fault, but it does not negate, as a matter of law, Sheehan's negligence as a proximate cause of plaintiff's injuries. Thus, neither Gilray's collision with the unlit, disabled vehicle obstructing the left lane nor plaintiff's positioning of himself in that area can be considered, as a matter of law, "so 'extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct' that it breaks the chain of causation" (*id.* at 534). Rather, Sheehan's own submissions raise a triable issue of fact whether her conduct " 'set into motion an eminently foreseeable chain of events that resulted in [the] collision' " between Gilray's truck and the disabled vehicle, and in plaintiff being struck (*Sheffer v Critoph*, 13 AD3d 1185, 1187 [2004]). Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Scudder,· JJ.