| **Plasencia v Collado** |
| 2020 NY Slip Op 35560(U) |
| September 24, 2020 |
| Supreme Court, Bronx County |
| Docket Number: Index No. 28341/2019E |
| Judge: Ben R. Barbato |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Motion is Respectfully Referred to Justice: _____

Dated: _____

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX, PART __/4__**

---------------------------------------------------------------------X

JENNY M. PLASENCIA,

               Index №.28341/2019E

    Plaintiff,

            -against-               **Hon.   BEN R. BARBATO**

JESUS A. CRUZ COLLADO, FIRST CLASS CAR
AND LIMOUSINE SERVICE CORP., MARLENE              _____
PEREZ and QLR FOUR INC.,                   Justice Supreme Court

    Defendants.

---------------------------------------------------------------------X

The following NYSCEF papers numbered 26-65 were read on this motion (Seq. No. 1) for

**SUMMARY JUDGMENT LIABILITY____noticed on ___August 10, 2020_____.**

| | | |
|---|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | No(s). | 26-65 |
| Answering Affidavit and Exhibits | No(s). | |
| Replying Affidavit and Exhibits | No(s) | . |

      This is an action for personal injuries sustained in an accident that occurred at 2701 Kingsbridge Terrace, Bronx, NY on January 1, 2019.

      Defendant Marlene Perez (hereinafter "Defendant Perez") moves for an order pursuant to CPLR 3212 granting summary judgment on the issue of liability and dismissing Plaintiff's complaint and any cross claims as against her.   Plaintiff cross moves for an order pursuant to CPLR 3212 granting summary judgment on the issue of liability as against the Defendant Jesus A. Cruz Collado (hereinafter "Defendant "Cruz Collado").

      Defendant Cruz Collado, Defendant First Class Car and Limousine Service Corp. (hereinafter "Defendant First Class") and Plaintiff each submitted an Affirmation in

[* 1]

Opposition to Defendant Perez's motion.   Defendant Perez submitted a Reply to the Affirmations in Opposition.

Defendant Perez, Defendant First Class, and Defendant Cruz Collado each submitted an Affirmation in Opposition ro Plaintiff's cross motion.   Plaintiff submitted a Reply to the Affirmations in Opposition.

### DEFENDANT PEREZ'S MOTION FOR SUMMARY JUDGMENT

Defendant Perez contends that liability cannot be imposed on her since the accident occurred while her vehicle was lawfully parked and unoccupied in front of 2701 Kingsbridge Terrace, and was struck by an unknown vehicle.

In support of her motion for summary judgment, Defendant Perez submitted her sworn Affidavit wherein she stated that on January 1, 2019, in the late morning, she went outside to her car which was parked in front of 2701 Kingsbridge Terrace, where she had parked in the night before.   She noticed that it now had significant damage to its rear passenger's side, the rear tire was torn and deflated, and there was damage to the entire front bumper of her car.   She claimed that this damage did not exist when she parked her car in that same location on the evening of December 31, 2018. Defendant Perez stated that upon a review of the police report, she learned another vehicle involved in the accident had been parked in front of her vehicle.   That vehicle belonged to Defendant QLR Four Inc. (hereinafter "Defendant QLR"), and had been towed from the location before she went to her car and saw that an accident had occurred.

Defendant Perez also submitted the Police Accident Report (hereinafter "the Report") in further support of her motion.   According to the Report, "Unknown vehicle hit parked vehicles.   Vehicle 2 [the Perez vehicle] was hit and pushed into Vehicle 1 [the QLR vehicle].   Owner of Vehicle 1 [the QLR Vehicle] states he parked vehicle on 12/31/18 at 6PM and saw damage on 01/01/19 at 7AM.   Vehicle 2 [the Perez vehicle] was parked and was hit and pushed into parked Vehicle 1 [the QLR vehicle].   Both vehicles were unattended."

Defendant Cruz Collado argues in opposition that the facts proffered by

[* 2]

Defendant Perez create issues of fact, but he fails to state what those issues of fact might be. Plaintiff argues in opposition that an issue of fact exists as to whether Defendant Perez's vehicle was properly or safely parked. However, no affidavit was submitted by either Defendant Cruz Collado or Plaintiff in support of their opposition to Defendant Perez's motion. Defendant QLR argues in opposition that it does not have first hand knowledge of the facts relating to the happening of the occurrence, and claims that summary judgment is an attempt to deprive them of the opportunity to seek adequate discovery. Defendant QLR also did not submit an affidavit in support of its opposition to the motion.

To establish a *prima facie* case of negligence, it must be shown that the negligent actor's actions were a substantial cause of the events which produced the injury; liability for negligence may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes. See Roman v. Cabrera, 113 A.D.3d 541 (1st Dept. 2014); see also Gregware v. City of New York, 94 A.D.3d 470 (1st Dept. 2012); see also Iqbal v. Thai, 83 A.D.3d 897 (2d Dept. 2011); see also Quinones v. Nugent, 59 A.D.3d 693 (2d Dept. 2009); see also Pironti v. Leary, 42 A.D.3d 487 (2d Dept. 2007).

Summary judgment is a drastic remedy. The proponent for a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. See Winegrad v New York Univ. Med. Center, 64 N.Y.2d 851,853 (1985). A party moving for summary judgment is obliged to prove through admissible evidence that the movant is entitle to judgment as a matter of law . See Zuckerman v City of New York, 49 N.Y.2d 557 (1980). Anything less requires a denial of the motion for summary judgment, regardless of the sufficiency of the opposing papers. See Yates v Dow Chemical Co., 68 A.D.2d 907 (2d Dept 1979). The court's function on a motion for summary judgment is issue finding rather that issue determination (Sillman v. Twentieth Century Fox Film Corp., 3 N.Y.2d 395 [1957]). Since summary judgment is a drastic remedy, it should not be granted where there is any doubt as to the existence of a triable issue (Rotuba Extruders v. Ceppos, 46 N.Y.2d 223 [1978].) The burden on the movant is a heavy one, and the facts must be viewed in the light most favorable to the

[* 3]

non-moving party (Jacobsen v. New York City Health & Hosps. Corp., 22 N.Y.3d 824 [2014].) .

Once a showing of *prima facie* entitlement to summary judgment has been made, the burden shifts to the party opposing the motion for summary judgment to produce "evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez v. Prospect Hosp., 68 N.Y.2d 320, 508 N.Y.S.2d 923 [1986]).

Upon a review of Defendant Perez's affidavit and the Certified Police Report, the Court finds that Defendant Perez met her burden of establishing a *prima facie* showing of entitlement to summary judgment on the issue of liability.(See Williams v Hamilton, 116 A.D.3d 421, 422, [1st Dept 2014]).   There was no negligence on the part of Defendant Perez as evidenced by her Affidavit and the Certified Police Report..  The evidence establishes that the Accident occurred when Defendant Perez's vehicle, which had been legally parked and unoccupied in front of 2701 Kingsbrige Terrace since the evening of December 31, 2018, was struck by an unknown vehicle causing significant damage. Defendant Perez did not become aware of the Accident until the late morning of January 1, 2019.   Defendant Perez's vehicle merely furnished the condition for this accident since it was lawfully parked and unoccupied in front of 2701 Kingsbridge Terrace and was stuck by an unknown vehicle.

In light of this *prima facie* showing, the burden shifted to Plaintiff, Defendants Cruz Collado, First Class and QLR who failed to produce evidence of a non-negligent explanation or reason for the accident. See Mullen v. Rigor, 8 A.D. 3d. 104 (1st Dept. 2004) citing   Jean v Xu, 288 A.D.2d 62, (1st Dept. 2001), and failed to produce "'evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action.'" Stonehill Capital Mgmt., LLC, 28 N.Y.3d 439, 448 (2016) (quoting Alvarez v. Prospect Hosp., 68 N.Y. 3d 320, 324 (1986). There are only attorney affirmations and no affidavits of the parties submitted in support of the parties' opposition to this motion.   A bare affirmation of an attorney with no personal knowledge of the matter, is unavailing and without evidentiary value

[* 4]

(Zuckerman v. City of New York, 49 N.Y.2d 557[1980]). An attorney's conclusory and speculative affirmation lacking any evidentiary value is insufficient to warrant a denial of the motion (GTF Marketing, Inc. v. Colonial Aluminum Sales, Inc., 66 N.Y.2d 965[1985])

PLAINTIFF'S CROSS MOTION

According to the Affirmation submitted by Plaintiff's attorney in support of Plaintiff's motion for summary judgment, Plaintiff was a passenger in the vehicle operated by Defendant Cruz Collado on January 1, 2019, when it collided into two parked vehicles owned by Defendant Perez and Defendant QLR. Although it is claimed in the Attorney Affirmation that the collision occurred as a result of an abrupt and sudden left turn made by Defendant Cruz Collado. Plaintiff did not submit her own Affidavit or any other evidence in support of her motion for summary judgment.

The Court finds that Plaintiff failed to meet her burden of establishing a *prima facie* showing of entitlement to summary judgment as a matter of law on the issue of liability since she relied only on her attorney's Affirmation, she did not submit any further evidence nor did she submit her own affidavit regarding the accident in support of her motion.

Accordingly, it is hereby

ORDERED, that the motion for summary judgment by Defendant Perez is granted on the issue of liability, and all claims and cross claims against her are dismissed. It is further

ORDERED, that the cross motion for summary judgment by Plaintiff is denied in its entirety.

This constitutes the Decision and Order of this Court.

Dated: ___9/24/2020___ Hon _____

J.S.C.

HON. BEN R. BARBATO

[* 5]

5 of 5